Filed 12/16/20  In re N.D. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re N.D., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B300184 (Super. Ct. No. PJ52991) (Los Angeles County) |

THE PEOPLE,

　　Plaintiff and Respondent,

v.

N.D.,

　　Defendant and Appellant.

　　　　The juvenile court sustained a petition filed against N.D., finding that he committed a misdemeanor battery on a school employee.  (Pen. Code, § 243.6; Welf. & Inst. Code, § 602.)  Its disposition order placed N.D. on home probation for six months.  N.D. contends the juvenile court abused its discretion when it excluded impeachment evidence in the form of a report made by

the complaining school employee concerning the incident. The juvenile court reviewed the report *in camera*, determined it was privileged, placed it under seal and declined to order its disclosure. We have reviewed the documents placed under seal by the juvenile court and affirm.

FACTS

Appellant attended high school in Los Angeles. Margarita Ojeda worked there as a teacher's assistant. On May 16, 2018, Ojeda found appellant and his girlfriend in an alcove during a class period. Although both students were fully dressed, Ojeda concluded they were standing in an inappropriate position, because the girlfriend was in front of appellant with her face near his crotch, as though they were engaging in oral sex. Ojeda said, "'Are you serious? What are you doing?'" "'You need to be in class.'" Appellant replied, "'We're not doing anything.'" Ojeda repeated that they needed to be in class. Appellant and his girlfriend ignored her and walked away. Ojeda went to her supervisor's office where she wrote up a report about the incident, as mandated by the school district.

The next day, appellant confronted Ojeda when she was in her supervisor's office. He swung open the office door, pointed at Ojeda and said in an angry tone, "'You, it's because of you, and you and me are going to talk later, and you are going to hear me out.'" The supervisor told appellant to leave the office.

That same afternoon, Ojeda was walking down a staircase alongside another teacher's assistant, Genesis Pallaroso. They encountered appellant walking up the same staircase on the other side of a railing. Appellant smirked when he saw Ojeda. As they reached a gap in the railing that separated the stairwell, appellant crossed over to the same side as Ojeda and bumped her

right upper arm with his elbow. After she was jostled by appellant's elbow, the camera bag Ojeda was carrying slipped down her shoulder. Appellant kept walking up the stairs. Ojeda was not injured. Her arm was not bruised and she experienced no pain in her arm after the incident.

Genesis Pallaroso confirmed Ojeda's description of events. She testified that, when they saw appellant in the stairwell, he "looked serious, angry." Appellant moved over to the same side of the stairway as Ojeda and "bumped into her arm" with his elbow. It was her assessment that there was enough room in the stairway for appellant to pass Ojeda without touching her, "but he chose to move and then bump into her."

Ojeda filed an incident report with the school district that day. Four days later, she filed a report with campus police. She explained that she waited to make the report because she wanted to do it when appellant was not on campus.

Before the jurisdictional hearing, appellant's counsel served a subpoena on the Los Angeles Unified School District (LAUSD) for reports and other records involving appellant and Ojeda. The subpoena requested past complaints made by Ojeda against appellant because her report to campus police referenced at least one prior incident. Counsel for the LAUSD moved to quash the subpoena. At the hearing on that motion, LAUSD counsel informed the court that only one relevant document, consisting of four pages, existed. LAUSD asserted attorney client and work product privileges because the document was an "internal investigative kind of report."

After some discussion, the juvenile court reviewed the document in chambers, with counsel for LAUSD and its custodian of record. The juvenile court then granted the motion

3

to quash, reasoning, "It's my view the incident is too remote in time – too remote to be relevant, and it also involves attorney/client privilege because it's attorney work product, and in addition it should be confidential because it names other minors engaged in activity that would not be appropriate to be disclosed." The juvenile court placed the documents it reviewed under seal. The record does not include a reporter's transcript of the *in camera* hearing.

DISCUSSION

Appellant contends the juvenile court erred when it granted LAUSD's motion to quash, preventing appellant from using Ojeda's report to impeach her testimony. We review the juvenile court's decision for abuse of discretion and find none. (*People v. Vieira* (2005) 35 Cal.4th 264, 292.)

Ojeda testified she was "mandated by the district to do the report" and LAUSD counsel described it as "an internal investigative kind of report." The report is "limited in terms of who has access to it" and is prepared primarily for use by LAUSD counsel in evaluating the District's potential liability. When a corporate employer requires its employee to prepare an incident report for use by counsel in preparation for possible litigation, the report is subject to the attorney-client privilege. (*D. I. Chadbourne, Inc. v. Superior Court* (1964) 60 Cal.2d 723, 737; *Jessup v. Superior Court* (1957) 151 Cal.App.2d 102, 110 ["'It follows that where the communication between corporate employees and is embodied in reports or photographic evidence for the purpose of redelivery to a corporate attorney the privilege attaches if the reports and photographs were created as a means of communicating confidential information to the attorney'"].) After reviewing the report at issue, we conclude the trial court

4

did not abuse its discretion when it found the report subject to the attorney-client privilege.

Additionally, any error in failing to disclose the report was harmless. (*People v. Watson* (1956) 46 Cal.2d 818, 836.) Ojeda's testimony was consistent with Pallarosos. Both witnesses testified that appellant intentionally touched Ojeda without her permission. There is no reasonable probability that Ojeda's credibility would have been impeached by her own report so that appellant would have received a more favorable result.

Appellant requests that we review the documents placed under seal by juvenile court. Respondent has no objection. Our review of the sealed documents supports our conclusion that the juvenile court did not err.

CONCLUSION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

5

Fred J. Fujioka, Judge

Superior Court County of Los Angeles

_____

Goldstein Legal Office and Elana Goldstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Acting Supervising Deputy Attorney General, John Yang, Deputy Attorney General, for Plaintiff and Respondent.